1
2
3
4
5

IN THE UNITED STATES DISTRICT COURT

6

FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   EVELYN RYAN,                                    No. C 15-4102 CRB

9            Plaintiff,                             **ORDER GRANTING MOTION TO
                                                    DISMISS WITH LEAVE TO AMEND**
10

11   v.

12   SANDIA CORPORATION,

13            Defendant.

14

15         Plaintiff Evelyn Ryan is a former employee of Defendant Sandia Corporation

16   ("Sandia").  She alleges six state law causes of action, subsequently removed to this Court,

17   including negligent and intentional misrepresentation of material facts regarding her

18   prospective employment; concealment of material facts regarding her prospective

19   employment; promissory estoppel; constructive termination in violation of public policy; and

20   violation of California's anti-retaliation labor laws.  Sandia moves to dismiss Ryan's

21   Complaint (dkt. 1).  See Motion (dkt. 14).  For the following reasons, the Court finds this

22   matter appropriate for resolution without oral argument under Civil Local Rule 7–1(b) and

23   GRANTS Sandia's motion to dismiss with leave for Ryan to amend within the next 30 days.

24   **I.     BACKGROUND**

25         Ryan alleges that she left her position as a senior quality assurance ("QA") manager at

26   Lawrence Livermore National Laboratory and applied for the position of  "quality

27   engineering manager" at Sandia in December 2013.  See Compl. ¶ 8.  She began working for

28   Sandia in March 2014.  See id.  Ryan alleges that Sandia, as part of its recruitment pitch to

her, represented that: (1) Sandia had an "already existing, functioning, and compliant" QA

*United States District Court*
*For the Northern District of California*

**United States District Court**
For the Northern District of California

department that Ryan would manage; (2) Sandia had "existing, trained, and qualified" employees in its QA department to fulfill the department's labor requirements; (3) Ryan would (a) "have the budget, number and quality of employees necessary to operate the [QA] Department"; and (b) "have the support, staffing, and authority she needed" in order to meet California and federal compliance standards; (4) Sandia's facility and operations were compliant with federal and California law; (5) the QA department "would be supported" by Sandia so Ryan could do her job in compliance with the law; and (6) Sandia had an "effective [] compliant and monitored [QA] program" that complied with federal law. See Compl. ¶ 9. Sandia allegedly made these statements either knowingly or recklessly to Ryan in order to "induce her to leave" her job at Lawrence Livermore. See id. ¶¶ 10–11.

Additionally, Ryan alleges that Sandia concealed the following facts from her to "induce" her to take its QA manager position: (1) Sandia did not have an "existing, functioning, and compliant" QA department; (2) Sandia was not in compliance with "several" United States Department of Energy ("DOE") QA regulations that Ryan would be required to fix; (3) Sandia wished to start a QA department that Ryan would be tasked with creating; (4) the employees assigned to work under Ryan were not trained in QA work, and Sandia did not have a DOE field representative on site; (5) Sandia did not have a DOE accepted QA department; (6) Ryan would be responsible for non-QA employees; (7) Ryan would not have "authority over budget or staffing decisions" to hire administrative support staff and QA engineers; (8) Ryan "would not have the authority, budget, support, or resources" to create a new QA department that would be compliant, nor did Sandia intend to allocate them; (9) Sandia tried three times in the past to create a QA department and failed; and (10) Sandia would "not provide Ryan with adequate support and authority and/or access to authorized decision-makers" to do her job. See Compl. ¶ 12.

Ryan "began to discover [these] misrepresentations and concealments" after starting work at Sandia. See id. ¶ 14. She alleges that Sandia did not have a QA department and completely lacked the organizational structure necessary to support QA in general. See id. ¶ 15. Ryan also alleges that Sandia was not in compliance with DOE directives and that these

2

1   violations exposed her to civil and criminal liability.  See id. ¶¶ 16–17.  Given these setbacks,

2   Ryan allegedly worked twelve to fourteen hour days to bring Sandia into compliance with

3   state and federal law.  See id. ¶ 18.  According to Ryan, after she raised concerns about DOE

4   compliance and worker safety with management, Sandia "ignored" her complaints and

5   "retaliated against and harassed [Ryan] for raising them."  See Compl. ¶¶ 19–20.  Sandia also

6   allegedly told Ryan to stop making complaints because she was "creating churn among the

7   management."  See id. ¶ 21.  Finally, as a result of Sandia's actions, Ryan "felt she had no

8   choice but to resign."  See id. ¶ 23.  She submitted her letter of resignation to Sandia on

9   September 23, 2014, which she asserts resulted from "constructive[] terminat[ion]."  See id.

10          Ryan then brought this suit in California court alleging six state law causes of action,

11   including: (1) Fraud and Deceit: Intentional Misrepresentation; (2) Fraud and Deceit:

12   Negligent Misrepresentation; (3) Concealment of Material Facts; (4) Promissory Estoppel;

13   (5) Constructive Termination in Violation of Public Policy; and (6) Whistleblower

14   Retaliation in violation of Labor Code § 1102.5.  See generally id.; Notice of Removal (dkt.

15   1).  Sandia removed.  See Notice of Removal.  Sandia now moves to dismiss Ryan's

16   complaint under Rule 12(b)(6) for failure to state a claim.  See Mot. at 1–2; Fed. R. Civ. P.

17   12(b)(6).  Ryan, although originally represented by counsel, is now proceeding pro se.

18   **II.     LEGAL STANDARD**

19          A complaint that fails to state a claim upon which relief may be granted is subject to

20   dismissal under Federal Rule of Civil Procedure 12(b)(6).  Dismissal may be based on the

21   lack of a cognizable legal theory or on the absence of sufficient facts alleged under a

22   cognizable legal theory.  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011);

23   Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008).  The Court "must

24   presume all factual allegations of the complaint to be true and draw all reasonable inferences

25   in favor of the nonmoving party."  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.

26   1987).  It need not, however, "accept as true allegations that are merely conclusory,

27   unwarranted deductions of fact, or unreasonable inferences."  Sprewell v. Golden State

28   Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

**United States District Court**
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1  Moreover, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of

2  the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders

3  'naked assertion[s]' devoid of 'further factual enhancement.'"  Ashcroft v. Iqbal, 556 U.S.

4  662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)).

5  Rather, a complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to

6  relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  A claim is

7  plausible "when the plaintiff pleads factual content that allows the court to draw the

8  reasonable inference that the defendant is liable for the misconduct alleged."  Id.

9  Finally, for pleadings that fall under Federal Rule of Civil Procedure 9(b), the

10  "circumstances constituting fraud" or any claim that "sounds in fraud" must be stated "with

11  particularity."  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103–04 (9th Cir. 2003).

12  To comply with Rule 9(b), a plaintiff must plead with particularity the time and place of the

13  fraud, the statements made and by whom, an explanation of why or how such statements

14  were false or misleading, and the role of each defendant in the alleged fraud.  See KEMA,

15  Inc. v. Koperwhats, No. 09-1587, 2010 WL 3464737, at *3 (N.D. Cal. Sept. 1, 2010).  In

16  short, the complaint must include the "who, what, when, where, and how."  See Cooper v.

17  Pickett, 137 F.3d 616, 627 (1997) (internal quotations omitted).

18  **III.  DISCUSSION**

19  Ryan includes six causes of action in her complaint.  For the following reasons, the

20  Court concludes that Ryan's Complaint fails to state a claim and GRANTS the motion to

21  dismiss WITH LEAVE TO AMEND, if at all, within 30 days.

22  **A.  First Cause of Action Fails To Meet the Rule 9(b) Pleading Standard**

23  Rule 9(b) applies to Ryan's intentional misrepresentation claim, and thus she must

24  state the "circumstances constituting fraud . . . with particularity."[1]  See Opp'n at 6–7; Vess,

25

26  [1] "It is well-settled that the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue
27  is state or federal."  Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).  "Rule 9(b)'s particularity requirement applies to state-law causes of action . . . [and] while a federal court will
28  examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity

1    317 F.3d at 1103–04.  Sandia argues that Ryan: (1) fails to plead her fraud-based claim with

2    the requisite particularity; and (2) does not plausibly state a claim for which relief may be

3    granted.  See Mot. at 5–8, Reply at 2–4.  Ryan concedes that the pleadings supporting her

4    first cause of action are insufficient, and she asks the Court for leave to amend.  See Opp'n at

5    6–7.  The Court concludes that Ryan's pleadings fail under Rule 9(b) and DISMISSES

6    Ryan's first cause of action with leave to amend within 30 days.

7    **B.    Second and Third Causes of Action Fail to Satisfy Rule 9(b)**

8           Ryan's second and third causes of actions, captioned "Fraud and Deceit: Negligent

9    Misrepresentation" and "Fraud and Deceit: Concealment" both allege that Sandia engaged in

10   a course of fraudulent conduct to induce Ryan to leave her old job and accept a new position

11   with Sandia.  See Compl. ¶¶ 33–43.  The Court must first address whether these causes of

12   action are subject to Rule 9(b)'s heightened pleading requirements.  "A plaintiff may allege a

13   unified course of fraudulent conduct and rely entirely on that course of conduct as the basis

14   of that claim.  In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,'

15   and the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b)."

16   Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).

17          Ryan argues that Rule 9(b) does not apply to her negligent misrepresentation or

18   concealment claims because they do not sound in fraud.  Opp'n at 8–9.[2]  But Ryan's

19   argument fails because her negligent misrepresentation claim relies on allegations that

20   Sandia's statements were "false when made" and were made "with the purpose of inducing

21   plaintiff to rely upon" those statements.  See Compl. ¶¶ 34–36.  Ryan further alleges that

22   "[r]egardless of whether defendant actually intended to make misrepresentations or believed

23   the representations set forth to be true," she reasonably relied on those representations and

24   suffered damages.  See id. ¶¶ 35, 37–38.  These allegations touch upon all the elements of

25   common law fraud.  See, e.g., Small v. Fritz Cos., Inc., 30 Cal. 4th 167, 173 (2003) (The elements

26
27   is a federally imposed rule."  Vess, 317 F.3d at 1103.

28          [2] Ryan notes that the Ninth Circuit has not addressed whether Rule 9(b) applies to negligent misrepresentation claims, and further notes that there is a split in authority among district courts on the issue.  See Opp'n at 9.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    of common law fraud are "(a) misrepresentation (false representation, concealment, nondisclosure);

2    (b) knowledge of falsity . . . (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and

3    (e) resulting damage"). Rule 9(b) thus applies to Ryan's second cause of action.

4         Ryan's third cause of action is similarly subject to Rule 9(b). The rule's heightened

5    pleading standard applies to concealment and nondisclosure claims when they "sound in

6    fraud." See Kearns, 567 F.3d 1126–27. Ryan's third cause of action alleges that Sandia

7    "intentionally failed to disclose past and existing material facts" which deceptively "induced"

8    Ryan to accept employment with Sandia. See Compl. ¶¶ 40–42. Ryan allegedly relied on

9    Sandia's representations and suffered damages as a result of her reliance. See id. ¶ 43.

10   These allegations again touch upon all the elements of common law fraud, and thus the

11   particularity requirements of Rule 9(b) apply here as well. See Small, 30 Cal. 4th at 173.

12        Given that Rule 9(b) applies to Ryan's second and third causes of action, the Court

13   concludes that the "circumstances constituting fraud" have not been stated "with

14   particularity" in either one. See Vess, 317 F.3d at 1103–04. To avoid dismissal, Ryan must

15   amend those claims to plead with particularity the time and place of the fraud, the statements

16   made and by whom, an explanation of why or how such statements were false or misleading,

17   and the role of each defendant in the alleged fraud. See KEMA, Inc., 2010 WL 3464737, at

18   *3. In short, the complaint must include the "who, what, when, where, and how." See

19   Cooper, 137 F.3d at 627. The Court thus DISMISSES the second and third causes of action

20   with leave to amend, if at all, within 30 days.

21        **C.    Fourth Cause of Action—Promissory Estoppel**

22        Ryan's fourth cause of action is a promissory estoppel claim. See Compl. ¶¶ 44–48.

23   The elements of that claim are "(1) a promise clear and unambiguous in its terms; (2) reliance

24   by the party to whom the promise is made; (3) reliance must be both reasonable and

25   foreseeable; and (4) the party asserting the estoppel must be injured by reliance." See US

26   Ecology, Inc. v. State, 129 Cal. App. 4th 887, 901 (2005). To be enforceable, a promise

27   needs to be "definite enough that a court can determine the scope of the duty[,] and the limits

28   of performance must be sufficiently defined to provide a rational basis for the assessment of

**United States District Court**
For the Northern District of California

1   damages."  See Aceves v. U.S. Bank, N.A., 192 Cal. App. 4th 218, 226 (2011).

2   Ryan alleges that she justifiably relied on Sandia's promises and altered her position

3   in accordance with the facts that Sandia represented to her.  See id. ¶¶ 9, 12, 45–46.

4   Additionally, Ryan asserts that she would not have altered her position without Sandia's

5   "wrongful conduct," and further asserts that she suffered damages by relying on Sandia's

6   promises and statements.  See id. ¶¶ 47–48.  Sandia responds that (1) Ryan does not allege a

7   clear and unambiguous promise upon which she relied; and (2) promissory estoppel does not

8   apply because Ryan received her bargained-for consideration.  See Mot. at 10.

9   The Court concludes that Ryan's estoppel claim fails because she has not pled a clear

10  and unambiguous promise upon which she allegedly relied.  See Aceves, 192 Cal. App. 4th

11  at 226.  Ryan does not specify in her Complaint who made which promises to her, when the

12  promises were made, or what the specifics of any promises might have been.  See, e.g.,

13  Compl. ¶¶ 9, 13.  Without this information, the Court cannot determine the scope of any

14  promises that Sandia might have made.[3]  See Aceves, 192 Cal. App. 4th at 226; US Ecology,

15  129 Cal. App. 4th at 901.  Given the Complaint's failure to provide required specificity, the

16  Court DISMISSES Ryan's fourth cause of action with leave to amend within 30 days.

17  **D.      Fifth Cause of Action—Constructive Termination**

18  Ryan next asserts that Sandia subjected her to working conditions so poor that they

19  amounted to constructive discharge.  See Compl. ¶¶ 49–58.  To establish a wrongful

20  termination claim, Ryan must demonstrate: (1) an employer-employee relationship; (2) that

21  the termination of plaintiff's employment was a violation of public policy; (3) the

22  termination of employment was a legal cause of the plaintiff's damage; and (4) the nature

23  and the extent of the plaintiff's damages."  See Holmes v. Gen. Dynamics Corp., 17 Cal.

24  App. 4th 1418, 1427, n.8 (1993).  To show constructive discharge, Ryan must establish that

25  Sandia "either intentionally created or knowingly permitted working conditions that were so

26

27      [3] For example, the alleged promise that "Ms. Ryan would have the budget, number and
    quality of employees necessary to operate the [QA] Department . . . ." is ambiguous because the
28  Complaint does not provide further information on who made the promise and in what context.
    See Compl. ¶¶ 9, 13

7

United States District Court
For the Northern District of California

1    intolerable or aggravated at the time of [Plaintiff's] resignation that a reasonable employer

2    would realize that a reasonable person in the employee's position would be compelled to

3    resign." See Turner v. Anheuser-Busch, Inc., 876 P.2d 1022, 1029 (Cal. 1994).  The mere

4    existence of illegal conduct in the workplace or poor workplace conditions does not render

5    conditions intolerable. See id. at 1254.  The plaintiff must show that the defendant either

6    intentionally created or knowingly permitted the conditions to exist. See id. at 1249–50.

7           Ryan alleges that she was "harassed, retaliated against, [and] disciplined" because of

8    her efforts to "create a safe environment" and foster compliance at Sandia. See id. ¶¶ 50–51.

9    Ryan also states that she was "put in the unreasonable position of being responsible, [sic]

10   criminally, civilly and morally" for "unsafe and illegal" conditions that Sandia "made clear"

11   it would not remedy. See id. ¶¶ 52–53.  Ryan asserts that Sandia "intentionally created or

12   knowingly permitted" the conditions, and that they were "so intolerable that a reasonable

13   person" would feel compelled to resign. See ¶¶ 54–55.  Sandia responds that Ryan did not

14   sufficiently plead her cause of action because she did not show (1) that Sandia intentionally

15   created the allegedly illegal conditions or was negligent about the illegal conditions, and (2)

16   that an ordinary person in her position would be compelled to resign. See Mot. at 11–13.

17   The Court concludes that Ryan fails to state a claim for the following reasons.

18          Ryan's allegations that she was "harassed, disciplined, and retaliated against" are all

19   factually threadbare. See Compl. ¶¶ 50–51; Iqbal, 556 U.S. at 678.  The Complaint does not

20   outline any specific harassment or retaliation. See generally id.  And although Ryan alleges

21   violations of numerous DOE directives and labor law codes, the allegations are bare legal

22   conclusions. See Papasan, 478 U.S. at 286; Compl. ¶ 53 ("Sandia's actions violate . . .

23   numerous federal statutes and regulations").  Without further pleadings on what violations, if

24   any, occurred and whether Sandia intentionally created those problems or knowingly

25   permitted them to occur, Ryan fails to state a claim. See Turner, 7 Cal. 4th at 1246.  The

26   Court thus DISMISSES this cause of action with leave to amend within 30 days.

27

28

8

United States District Court
For the Northern District of California

### E.        Sixth Cause of Action—California Labor Code Section 1102.5

Finally, Ryan asserts that Sandia acted in violation of Cal. Lab. Code § 1102.5, which prohibits unlawful retaliation by employers.  Under that statute, Ryan must show that "(1) she engaged in a protected activity, (2) her employer subjected her to an adverse employment action, and (3) there is a causal link between the two."  See Mokler v. Cty. of Orange, 157 Cal. App. 4th 121, 138 (2007).

Ryan alleges that she was an employee within the scope of § 1102.5.  See Compl. ¶¶ 60–61.  She also asserts that she disclosed information regarding potential violations of "federal law and regulations" to various Sandia employees.  See id. ¶ 62.  Ryan further alleges that her disclosures to Sandia management constituted protected activity and gave rise to Sandia's "decision to discipline . . . Ryan and subject her to criminal liability and monetary penalties, forcing her to resign."  See id. ¶ 64.  Sandia responds (1) that there was no adverse employment action, and (2) that Ryan cannot establish a causal link between her "protected activity" and any alleged adverse action.  See Mot. at 15.

The Court concludes that Ryan has failed to plead a retaliation claim for the reasons stated above in connection with her fifth cause of action—she has not identified any facts regarding specific discipline, harassment, or retaliation, and instead relies on threadbare legal conclusions.  See Papasan, 478 U.S. at 286; Iqbal, 556 U.S. at 678.  The Court thus DISMISSES Ryan's sixth cause of action with leave to amend within 30 days.

## IV.    CONCLUSION

Sandia's motion to dismiss is granted as to all claims.  Ryan may amend her Complaint, if at all, within 30 days.[4]

**IT IS SO ORDERED.**

Dated: April 27, 2016

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

---

[4] Sandia requests that the Court dismiss Ryan's complaint without leave to amend, but Sandia has not shown "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  See Foman v. Davis, 371 U.S. 178, 182 (1962).